UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FELICIA Y. SHELTON,<br><br>  Plaintiff,<br><br>v.<br><br>HARRIS & HARRIS, LTD.,<br><br>  Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:21-cv-01219<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes FELICIA Y. SHELTON ("Plaintiff"), by and through the undersigned, complaining as to the conduct of HARRIS & HARRIS, LTD. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

### PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing within the Southern District of Indiana.

5. Defendant is a third-party debt collector operating out of Chicago, Illinois. Defendant is a limited company incorporated under the laws of the State of Illinois with its principal place of business located at 111 West Jackson Boulevard, Suite 400, Chicago, Illinois.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon a defaulted medical bill ("subject consumer debt") that Plaintiff purportedly owes.

8. In approximately May of 2020, Plaintiff began receiving calls to her cellular phone, (317) XXX-7465, from Defendant.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -7465. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant has primarily used the phone number (312) 632-6816 when placing collection calls to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

11. Upon information and belief, the above referenced phone number ending in -6816 is regularly utilized by Defendant during its debt collection activities.

12. Plaintiff, through her contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject consumer debt.

13. Plaintiff informed Defendant that she was unemployed and was unable to make a payment towards the subject consumer debt.

14. Furthermore, Plaintiff demanded that Defendant cease contacting her on her cellular phone due to her inability to address the subject consumer debt.

15. Notwithstanding Plaintiff's demands, Defendant has continued placing calls to Plaintiff's cellular phone.

16. During these subsequent calls, Defendant has repeatedly harassed Plaintiff by treating her rudely and belittling and mocking her for her unemployment status – even going so far as to hanging up on Plaintiff..

17. Defendant's harassing conduct has caused Plaintiff to suffer emotional distress.

18. Frustrated and distressed over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, resulting in expenses.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies incessant collection telephone calls, emotional distress, being harassed and abused in contravention of consumer protection statutes, and numerous violations of her state and federally protected interests to be free from harassing debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

  a. **Violations of FDCPA §1692d**

26. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

27. Defendant violated §§ 1692d and d(5) when it repeatedly called Plaintiff after being made aware of Plaintiff's unemployment status, her inability to pay the subject consumer debt, and her request that it cease contacting her on her cellular phone. This repeated behavior of systematically calling Plaintiff's phone despite her demands was harassing and abusive. The frequency, volume, and pattern of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent to annoy and harass her into making a payment.

28. Defendant further violated § 1692d through the harassing and rude treatment it exhibited towards Plaintiff during conversations between the parties. Defendant repeatedly treated Plaintiff in a rude and demeaning manner, belittling her for her unemployment status, and further, hanging up on Plaintiff afterwards. Such conduct engaged in by a seasoned and professional debt collector had the natural consequence of harassing Plaintiff.

### b. Violations of FDCPA § 1692e

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

31. Defendant violated §§ 1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. Despite the fact that Plaintiff had demanded that Defendant stop calling, Defendant continued to contact Plaintiff on her cellular phone. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her when it no longer had consent to do so.

### c. Violations of FDCPA § 1692f

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

WHEREFORE, Plaintiff FELICIA Y. SHELTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 17, 2021                                      Respectfully submitted,

*/s/ Nathan C. Volheim*
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com